

FILED
AUG 2 2 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| VERNON MOVES CAMP, | \* | CIV 03-4155 |
| Petitioner, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| SOUTH DAKOTA BOARD OF PARDONS and PAROLES, DOUGLAS WEBER, Warden, SOUTH DAKOTA STATE PENITENTIARY and JAMESON ANNEX, and all other unnamed respondents, | \* | |
| Respondents. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Vernon Moves Camp brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his incarceration and seeking immediate release from the South Dakota State Penitentiary.[1] The respondents resist the petition. After carefully considering the state court records, the petition, and the pleadings filed by the parties, the Court determines that oral argument is unnecessary and denies the petition for the reasons stated below.

## BACKGROUND

In early 1978, the petitioner was convicted of aggravated assault and battery in state court. This resulted in sentences of ten years and twenty-five years to be served concurrently. The penitentiary records show that, since these were concurrent sentences, they were treated as a single twenty-five year sentence. Under the former law, this gave the petitioner a good time release date

---

[1] The Court will not address the petitioner's allegations regarding prison conditions. Those claims were raised in an earlier lawsuit the petitioner brought pursuant to 42 U.S.C. § 1983. This Court granted summary judgment to the defendants in that case, and the Eighth Circuit affirmed.

of August 8, 1991 (twenty-five year sentence minus eleven years good time). Petitioner challenged the 1978 convictions in a state habeas petition filed in 1980. The state habeas petition was denied on December 23, 1980. Federal habeas relief was sought and denied January 11, 1982. The Eighth Circuit affirmed, 693 F.2d 760 (1982). Certiorari was denied, 461 U.S. 916 (1983).

Petitioner escaped from the penitentiary on August 2, 1983 while on work detail in Huron, South Dakota. He was recaptured on April 7, 1984. In late 1984, the petitioner was convicted of escape and as an habitual offender. The sentence was for fifteen years consecutive to the earlier sentences. The time that he was out on escape (eight months and one week) was added back to the good time release date of August 8, 1991, thus arriving at a good-time release date for the twenty-five year sentence of April 9, 1992. The earlier ten and twenty-five year sentences were completed on April 9, 1992, and the escape sentence began to run on April 9, 1992, with a good time release date of April 9, 2001. (The Department of Corrections has interpreted SDCL 22-11A-2 to mean that the next sentence can begin to run at the earlier good time release date for the previous sentence rather than at the later actual sentence expiration date.)

Petitioner was released on parole for the first time on January 1, 1993. His parole agreement allowed him to go to Colorado, which he did. He later left Colorado on a travel permit to South Dakota, but he failed to return as was scheduled with his Colorado parole agent. Upon learning that the petitioner had moved to South Dakota, the Colorado parole office closed its file on May 31, 1994. Contrary to his parole agreement, the petitioner did not contact any parole officers or agents in South Dakota to inform them of his whereabouts and activities. A Parole Violation Report dated June 9, 1994 indicated that the parole officer could not locate the petitioner and recommended that a warrant be issued for his arrest. Petitioner was arrested as a parole violator in September 1996 and was transferred to the South Dakota State Penitentiary on September 30, 1996. On November 15, 1996, the Parole Board revoked parole, taking four years good time plus two years, three months and twenty days of dead time (for time he was out on parole). This moved his good time release date

from April 9, 2001 to July 29, 2007, with a term expires date of July 29, 2009. Petitioner did not appeal the Parole Board's decision pursuant to SDCL 1-26.[2]

On March 19, 2001, the petitioner was released on parole. A warrant was issued for his arrest as a parole violator on October 30, 2001. The Parole Violation Report shows that the petitioner had tested positive for marijuana, had failed to keep his parole agent informed of his whereabouts, and had failed to comply with instructions in matters affecting his supervision as a parolee. At a Parole Board hearing on March 21, 2002, the Board found that the petitioner had not complied with those three conditions of his parole, and revoked parole. Notice of Entry of the Board's decision was sent to the petitioner on April 5, 2002. He did not appeal pursuant to SDCL 1-26. The revocation took two years of good time, as well as one month and two days of dead time. Petitioner's good time release date, which had been July 29, 2007, moved to August 31, 2009, and his term expires date moved from July 29, 2009 to August 31, 2009.

Parole was denied on November 15, 2002 and on July 25, 2003. Petitioner did not appeal those denials pursuant to SDCL 1-26.

## DISCUSSION

Petitioner now challenges the legality of his continued confinement, asserting that his sentence expired on April 13, 1993. In support of his argument, the petitioner relies on a copy of an e-mail from "Bonpidge1@aol.com" to "star@gwtc.net" dated February 19, 2002. The e-mail states:

> Sorry I didn't get this sent this morning. I was in court all morning. I have attached an article I did which includes the calculations in Vern's case. It will be in Black Hills Peoples' News Friday. Basically the summary is this:
>
> Sentence Began: April 13, 1984   15 years = 180 months
>         Good Time: first 10 years    - 42 months

---

[2]On May 29, 1997, the petitioner field a "Criminal Complaint" in state court against parole officers and Parole Board members. The file does not contain any documentation regarding the outcome of that proceeding.

3

>     Last 5 years         - 30 months
>   Max. Good Time = 6 YEARS 72 months
> Good time end of sentence APRIL 13, 1993
>
> You must then add to that good time lost while in prison. I figured that he lost about one year, but perhaps less. Then adding any good time taken away from his first revocation and any dead time, which is time while on parole which does not count toward the sentence-that was a total of a little less than 7 years, but I added 7. Thus 8 years would be added to his good time release date, bringing it up to April 13, 2001. That actually means that he would have served 17 years on the sentence either in prison or on parole. That is because of the way they count time. But to say he is not off parole until 2007 adds another 6 years to that without any new crime being charged.

(Doc. 1, Exhibit F.) The petitioner also claims that he should not have been on parole after April 13, 1993, and that, at the very least, his parole terminated on May 31, 1994 when the Colorado parole supervision office closed his file. Finally, the petitioner asserts that there was no basis for his arrest in September 1996, and that he was kidnapped when he was arrested and incarcerated at that time.

It appears that the petitioner has failed to exhaust his state remedies on the claims raised in this petition and that he has procedurally defaulted. Even if he had exhausted his state remedies, there is no basis to conclude that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. Petitioner has provided no explanation for the e-mail quoted above, and it is not apparent how it supports his claim that his sentence expired on April 13, 1993. Other than what appears on the face of the e-mail, the Court knows nothing about it. Conversely, Respondents have provided documentation which supports their sentence calculations as well as the petitioner's continued imprisonment. The fact that the parole supervision office in Colorado closed its file on May 31, 1994 because the petitioner had moved back to South Dakota in no way supports petitioner's claim that his supervision ended on May 31, 1994. Accordingly,

IT IS ORDERED:

1. That the Motion for Court Order to Release Petitioner Upon the Demands of Justice and Mandates of the Great Writ of Habeas Corpus is denied (doc. 11); and

2. That the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied with prejudice.

Dated this 22nd day of August, 2005.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Shelly Margulies
(SEAL) DEPUTY